IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARVIN B. STRODE,

   Plaintiff,

v.            Case No. 3:26-CV-450-NJR

VILLAGE OF WASHINGTON PARK,
ILLINOIS, ANGIE RODGERS, ANITA
CLARK, KAWAII WILLIAMS, JAMES
MADKINS, MARY MCKINNEY,
KENDRICK MCKNUCKLES, JULIETTE
GOSA, CARLENE TUCKER, ALLEN E.
BONDS, and JOHN DOES #1–7,

   Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This case is before the Court on consideration of multiple filings: the parties' responses (Docs. 31, 33) to a June 16, 2026 order to show cause (Doc. 30); Plaintiff Marvin B. Strode's third amended complaint (Doc. 34); and his motion for copies (Doc. 35). Additionally, Strode has submitted via email message a putative "joint proposed scheduling order" signed only by him and not conforming to this Court's order setting the scheduling conference (Doc. 22). The Court addresses each of these in turn.

### ORDER TO SHOW CAUSE

On June 16, 2026, this Court issued an order requiring Strode and Defendants to show cause why they had failed to comply with this Court's orders. (Doc. 30). In particular, the Court had set a scheduling conference for June 17, 2026, and had ordered the parties to submit a joint proposed scheduling order no later than seven days before

the conference. (Doc. 22). But as late as the day before the conference, neither Strode nor Defendants had filed a joint proposed order or communicated to the Court the reasons they had failed to do so. (Doc. 30). Accordingly, the conference and joint proposed order deadline were reset, and the parties were ordered to show cause. *Id.*

All parties have now submitted a response to the order to show cause. (Docs. 31, 33). Defendants explain that their failure was due to a calendaring error. (Doc. 31). Strode, on the other hand, explains that he had failed to confer with counsel for Defendants and to submit a joint proposed order because he is under the impression that the Court has not yet ruled on his motion (Doc. 27) for leave to file a second amended complaint (Doc. 33, at 3–4). He further believes that a pending motion causes a case to be "procedurally paused." *Id.* The Court considers its show-cause order to be satisfied by the parties' responses.

That said, Strode's response indicates that some clarification is necessary. First, the Court *had* already ruled on Strode's motion for leave to file his second amended complaint. (Doc. 28). On June 12, 2026, the Court granted his motion and directed the Clerk of Court to file the proposed amended complaint on the docket. (Docs. 28, 29). It is unclear why Strode was unaware of this fact, as the June 12 order was sent to him by mail.

Second, even if the Court had not yet ruled on his motion, **that would not have "procedurally paused" this litigation**. Litigation does not pause while motions are being considered. Strode should assume that, unless this Court explicitly issues a stay of a deadline, any deadline in any order is operative and should be obeyed. The Court is

mindful of Strode's *pro se* status and so does not hold the misconception against him. Going forward, however, Strode is not to assume that a pending motion excuses him from complying with Court-imposed deadlines.

Third, Strode notes that he had attempted to file his response electronically via the CM/ECF system, but had been unable to do so due to "technical filing issues." (Doc. 33). As a result, his recent filings have been submitted in paper format. (Docs. 31–36). The Court suspects that these issues may have been temporary; if they persist, Strode should inform the Court. As the Court explained in its order granting him access to the CM/ECF system, Strode will no longer be mailed paper copies of documents that are filed. (Doc. 26). Accordingly, if he is unable to use the system, it is imperative that he inform the Court so that he can continue to participate in this case.

As this Court ordered on June 16, 2026, the scheduling conference has been reset for July 16, 2026. (Doc. 30). The joint proposed order is due no later than seven days before that conference. *Id.* Another failure by the parties to comply with the requirement may result in sanctions. *Id.*

### THIRD AMENDED COMPLAINT

On May 19, 2026, Strode filed an amended complaint and some related items on the docket without first seeking leave to do so. (Docs. 17–19, 23). Because Strode had already amended his complaint (*see* Doc. 7), he was required by Rule 15(a)(2) of the Federal Rules of Civil Procedure to seek and receive the Court's leave prior to filing any further amendments (Doc. 23). Accordingly, the Court struck the filings and informed Strode of the requirements of Rule 15(a)(2). *Id.* Strode moved for leave to amend his

complaint on June 11, 2026. (Docs. 27, 27-1). The Court granted his motion (Doc. 28) and directed the Clerk of Court to file his proposed amended complaint (Doc. 27-1) on the docket as a second amended complaint (Doc. 29).

Strode has now filed another amended complaint. (Doc. 34). It is not identical to his second amended complaint. (*Compare* Doc. 34, *with* Doc. 27-1). But despite this Court's prior order (Doc. 23), Strode did not comply with Rule 15(a)(2). Instead, he filed the complaint without first receiving leave from this Court. Accordingly, the Court will strike his third amended complaint. If he moves for leave to file another amendment, Defendants will have 14 days to respond if they wish to oppose the motion. SDIL-LR 7.1(b)(2)(A).

### MOTION FOR COPIES

Strode requests copies of "all Orders entered by the presiding judge, including any written Orders, Text Orders, Minute Orders, or other docket entries reflecting judicial action in this case." (Doc. 35). He asks to be notified if there are any copying fees associated with this request, the amount of such fees, and the acceptable payment methods. *Id.*

Strode does not need to move for copies of docket entries. He can reach out directly to the Clerk's Office to pay for paper copies, or he may use his PACER account (*see* Doc. 25 (representing that Strode has a PACER account)) to request and pay for electronic copies of all entries in this case. His motion is therefore denied as moot.

### PROPOSED SCHEDULING ORDER

Finally, Strode submitted to this Court by email a document purporting to be a

"joint proposed scheduling order."[1] Although the Court's May 20, 2026 order required the parties "to submit a Joint Report and Proposed Scheduling and Discovery Order using one of the forms provided" on the Court's website (Doc. 22), Strode's proposed order does not utilize any form provided by the Court. Instead, it is an AI-drafted,[2] idiosyncratically formatted document that (despite the word "joint" in the title) is signed

---

[1] Technically, Strode first filed on the docket a document labeled "Plaintiff's Joint Report and Proposed Scheduling and Discovery Order." (Doc. 36). This document was labeled as having been "[s]ubmitted [i]ndividually," as "[n]o [c]onference [w]as [p]ossible." *Id.* It explained that, based on Strode's above-discussed misconceptions regarding his motion for leave to file an amended complaint, Strode believed it was not possible for the scheduling conference to occur. *Id.* Nevertheless, he submitted a discovery plan that he apparently had formulated on his own. *Id.* The filing was struck, however, as proposed orders are supposed to be emailed to the undersigned rather than filed on the docket. (Doc. 37). The emailed document bears no resemblance to the stricken filing.

[2] That Strode used AI is apparent: after a false start on the first page, the proposed order is interrupted by the following interlude:

Prepare clean final version for filing

Here it is, Marvin—your **clean, final, court-ready Joint Proposed Scheduling Order**, fully updated with:

- Your corrected mediation section
- Your three mediator picks
- Your request that the Village pay the mediator
- Your corrected signature block
- "NONE" for Plaintiff's expert disclosures
- "NONE" for expert discovery
- No Guided Links
- No commentary
- No markup
- No instructions

This is the **exact text** you will file with the Clerk once defense counsel provides their portion (or attach to your Notice of Inability to File Jointly).

This prompt-and-response structure is all but a smoking gun for the use of a generative AI platform (e.g., ChatGPT, Claude, etc.). The Court does not mention this to discourage Strode from using AI. Instead, the Court seeks to provide a friendly bit of caution: Strode, like all litigants, should be careful in using AI. Generative AI platforms "are known to create fictitious citations and to misrepresent case holdings," and "Federal Rule of Civil Procedure 11 imposes a duty on *pro se* plaintiffs to ensure that all legal contentions are supported by existing law or a nonfrivolous argument for extending the law." *Rose v. City of West Frankfort*, No. 25-cv-00845, 2026 WL 672775, at *9 n.3 (S.D. Ill. Mar. 10, 2026); *see also Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 969–71 (7th Cir. 2026) (explaining that this duty applies to both legal and factual contentions). Even when a plaintiff uses AI to draft his filings, he "remains responsible for ensuring that they are accurate and do not include fabricated caselaw, citations, or quotations." *Rose*, 2026 WL 672775, at *9 n.3.

only by Strode and does not appear to reflect any consultation with counsel for Defendants.

This document does not comply with the Court's previous order, which required submission of a joint proposed order using a form. Fortunately, the scheduling conference does not take place until July 16, 2026. (Doc. 30). Strode and Defendants, therefore, have 15 days to confer and draft a true joint proposed order. *Id.* The Court directs them to do so. Strode is advised (1) that the proposed order he submitted on June 22, 2026, will not be considered by the Court, and (2) that he is still required to confer with Defendants to develop and submit a joint proposed order that complies with this Court's orders. (*See* Doc. 22).

## CONCLUSION

For these reasons, the Court's order to show cause (Doc. 30) is satisfied. The Court **DIRECTS** the Clerk of Court to strike Strode's amended complaint (Doc. 34). Strode is required to seek and receive leave for all future amended complaints he may wish to file. Strode's motion for copies is **DENIED as moot**. He may contact the Clerk's Office or use his personal PACER account to purchase copies of docket entries. And the parties are **ORDERED** to confer and submit a joint proposed scheduling order that conforms to the directions in this Court's order setting scheduling conference (Doc. 22) **on or before July 9, 2026**. The previously received proposed scheduling order will not be considered.

One final matter: overall, the Court has been left with the definite and firm impression that Strode has not read its orders thoroughly and carefully. This impression arises from Strode's apparent inattention to the Court's order concerning Rule 15(a)(2)

and the amendment of complaints (Doc. 26) and his failure to comply with the letter or spirit of the order governing the joint proposed scheduling order (Doc. 22; *see* Doc. 30). The result of this inattention and failure has been to require this Court to spend time and resources to address filings which have neither advanced his cause nor facilitated the adjudication of his case.

While the Court is sympathetic to the difficulties faced by *pro se* plaintiffs, *pro se* status does not excuse a litigant from their obligation to obey court orders. *E.g.*, *Gagnon v. Colvin*, 234 F. Supp. 3d 897, 898 (N.D. Ill. 2017). The Court **WARNS** Strode that future failures to obey Court orders may result in sanctions, up to and including the dismissal of his case with prejudice. FED. R. CIV. P. 41(b); *Thomas v. Wardell*, 951 F.3d 854, 862–63 (7th Cir. 2020) ("District courts generally have broad authority to dismiss a case for failure to prosecute, and this includes failure to comply with valid orders."). The Court advises Strode in the strongest possible terms to pay attention to the directives in its orders. Careful reading of the docket is indispensable in litigation and can only work to his benefit.

**IT IS SO ORDERED.**

**DATED:   June 24, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**